IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATHENA M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 2439 |
| v. | ) |
| | ) Magistrate Judge |
| LELAND DUDEK,[2] Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Athena M.'s claims for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse and remand the Commissioner's decision [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin O'Malley resigned as Commissioner of Social Security on November 29, 2024, and Leland Dudek was appointed as the Acting Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Martin O'Malley as the defendant in this suit.

# BACKGROUND

## I. PROCEDURAL HISTORY

On July 12, 2021, Plaintiff filed an application for SSI, alleging disability since January 1, 2021. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 6, 2023. Plaintiff appeared telephonically and testified at the hearing and was represented by counsel. Vocational expert ("VE") Leida Woodman also testified. At the hearing, Plaintiff amended her alleged onset date to October 29, 2021.

On August 8, 2023, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her application date of July 12, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: anxiety, depression and borderline personality disorder. The ALJ concluded at step three

that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can understand, remember and carryout simple routine instructions and use judgment limited to simple work related decisions; and she is able to tolerate occasional interaction with supervisors and coworkers and no interaction with the general public

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe

impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the

absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite

5

support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ failed properly to evaluate the medical opinions of record in accordance with prevailing rules and regulations. Plaintiff contends, *inter alia*, that the ALJ failed to explain adequately how the supportability and consistency factors were considered in her persuasiveness determinations with respect to the state agency medical consultants' opinions. The Court agrees.

When addressing medical source opinions, the factors ALJs must consider are: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization of the source; and (5) other factors. 20 C.F.R. § 416.920c(c). Supportability and consistency are considered by the Social Security Administration to be the two most important factors. Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion. 20 C.F.R. §404.1520c(c)(1)). Consistency assesses how a medical opinion squares with other evidence in the record. 20 C.F.R. § 404.1520c(c)(2)). Because of their importance, ALJs must explain how these two factors were considered in the determination or decision. 20 C.F.R. § 416.920c(b)(2). With respect to the state agency medical consultants' opinions, the ALJ failed to do so.

Plaintiff contends that the ALJ did not explain properly the supportability or consistency of the opinions of state agency medical consultants. According to Plaintiff, the ALJ merely provided "boiler plate" language with no reference to specific records to support her determination. Indeed, the entirety of the ALJ's discussion of the persuasiveness of these opinions is as follows: "The state agency consultants' . . . . assessments are supported by detailed explanation, rationale, and analysis of the medical evidence of record. The State agency medical and psychological consultant opinions are therefore most persuasive."

7

An ALJ's supportability and consistency analyses are insufficient where an ALJ merely perfunctorily asserts that a consultant's opinion is supported or consistent without any analysis. *See e.g.*, *Craig R. v. O'Malley*, 2024 U.S. Dist. LEXIS 57749, *7 (N.D. Ill. Mar. 29, 2024) (Remand required where ALJ "noted, with no further explanation, that [medical consultant's] opinion is persuasive because it 'is consistent with the evidence as it existed at the time she reviewed the record and with the evidence received at the hearing level.' This is a conclusion not an explanation."). Here, the ALJ noted, with no further explanation, that the medical consultants' opinions were supported by the medical record. As in *Craig*, this is a conclusion, not an explanation. Moreover, the ALJ failed to address consistency at all. Therefore, substantial evidence does not support the ALJ's decision because the ALJ did not explain sufficiently her evaluation of the medical opinion evidence. As such, this case must be remanded for further consideration.

Based on its conclusion that remand is necessary for the above reason, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the persuasiveness of all opinions is evaluated properly, including those of any medical consultants, psychological consultants, and Plaintiff's primary care physician.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 14] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                  **ENTERED:**

**DATE: February 21, 2025**

                                         **HON. MARIA VALDEZ**
                                         **United States Magistrate Judge**